735 S.E.2d 550

**Willie RILEY, Respondent,**

**v.**

**Ulysses GREEN, individually and as Personal Representative of the Estate of Daniel Green, and Estate of Daniel Green, Pearlie Mae Graves, Sarah Lee Green, Daniel Green, III, Mildred Ann Green, Larry B. Green, Thomas Price, John Doe and Richard Roe, fictitious persons designated to represent all the unknown heirs and distributes of Ernestine Green and Daniel Green, Jr.**

---

deceased, and all other unknown person or persons claiming through them or any infant or person under disability or in the Armed Forces of the United States of America and Mary Roe, fictitious person designated to represent the surviving spouse of the parties herein claiming a spousal interest in the herein described real property and John Doe, Richard Roe and Mary Roe, fictitious persons designated as a class to represent all other persons unknown claiming any right, title, interest, or lien upon the real estate described herein, and to whom it may Concern, Defendants,

Of whom Ulysses Green is Appellant.

Appellate Case No. 2011–195267.

No. 5051.

Court of Appeals of South Carolina.

Heard Oct. 18, 2012.

Decided Nov. 21, 2012.

Andrew S. Radeker, Harrison & Radeker, P.A., of Columbia, for Appellant.

Dennis Wayne Catoe, of Columbia, for Respondent.

FEW, C.J.

Willie Riley filed an action to quiet title to a piece of real property the parties refer to as "Lots 11 and 12." He claimed title to the property under a deed from Aurora Loan Services, LLC. Aurora's title was based on a deed it received from the master-in-equity after Aurora successfully prosecuted a mortgage foreclosure action against Harriet Felder. Felder's deed to the property came from Ulysses Green acting as personal representative of his father's estate. Green defended Riley's action on the basis that (1) when he executed the deed to Felder, he intended to convey another piece of property across the street known as "Lot 3," and (2) he had no authority to convey Lots 11 and 12.

The master-in-equity held a trial but did not rule on the merits of the quiet title action. Instead, the master found that

"a compromise on the relief would be fairest to the parties" and declared that Riley and Green jointly owned Lot 3 and Lots 11 and 12. The master ordered the parties to sell the land, use the proceeds to reimburse themselves for property taxes and other expenses, and then evenly split any remaining proceeds. Neither Riley nor Green asked for or agreed to the relief the master ordered.

Green appeals, claiming the master did not have the authority to do that. We agree. In an action to quiet title, the court has no authority to impose a compromise on parties who do not agree to it. *See Lowcountry Open Land Trust v. Charleston S. Univ.*, 376 S.C. 399, 410, 656 S.E.2d 775, 781 (Ct.App. 2008) (stating as to specific performance, "[c]ourts only have the authority to specifically enforce contracts that the parties themselves have made; they do not have the authority to alter contracts or to make new contracts for the parties.").

We **REVERSE** the master-in-equity's order and **REMAND** for a new trial.

WILLIAMS, J., and CURETON, A.J., concur.